UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MALCOM WILSON,

Plaintiff,

v.                                          CAUSE NO. 3:22-CV-822-JD-MGG

CASTANEDA,

Defendant.

<u>OPINION AND ORDER</u>

Malcom Wilson, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). In addition, the Federal Rules of Civil Procedure provide that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). When the plaintiff references and relies on it, "the contents of that document become part of the complaint and may be considered as such when the court [determines] the sufficiency

of the complaint." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citations

omitted).

Wilson alleges he received a conduct report for committing the offense of battery

against another offender on April 26, 2022, while incarcerated at the Indiana State

Prison. The conduct report, which is attached to his complaint, states:

> On April 28, 2022, I, Investigator C. Burke, was reviewing A Cell House
> camera footage for the date of April 26, 2022. During my review, I saw
> Offender Malcolm Wilson DOC #104959 run from the A Cell House south
> stairwell to the flag and attempt to take something from another offender.
> At 4:35am, Offender Wilson then pushed the offender who fell to the
> ground and was later sent to an outside hospital for his injuries.

ECF 1-1 at 2. A report of disciplinary hearing video evidence—also attached to the

complaint—indicates the video showed Wilson running down the stairs and grabbing a

cane from another offender. *See id*. at 3. During the struggle that ensued, the other

offender fell to the ground and was later seen "doubled over in pain." *Id*.

The attached report of disciplinary hearing indicates a hearing was held on May

5, 2022, during which Wilson pleaded not guilty, arguing he was "defending my life I

was about to be stabbed, I grabbed the cane to defend my life." *Id*. at 4. He was found

guilty by Lt. Castaneda based on the staff reports, physical evidence (consisting of

"statements from staff, camera review, [and the] conduct report), and video evidence.

*Id.* The written reason for the decision was "physical evidence supports the finding of

guilt." *Id*. He was sanctioned with a loss of ninety days credit time, a demotion in credit

class, and was fined "up to $100,000 dollars" for medical costs in restitution. *Id*. He filed

a disciplinary hearing appeal arguing there was "nothing" to justify the restitution

claim, but that appeal was denied on June 3, 2022. *Id*. at 7.[1] Wilson has sued Lt. Castaneda for violating the Fourteenth Amendment's Due Process Clause. He seeks an injunction to prevent Lt. Castaneda from taking any further restitution as well as compensatory and punitive damages.

The Fourteenth Amendment provides state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. Inmates have a property interest in the funds located in their prison accounts and, arguably, in the use of that account. *Campbell v. Miller*, 787 F.2d 217, 222–23 (7th Cir. 1986). While prison officials cannot deprive inmates of those funds without any due process, the Seventh Circuit has determined "[i]t is truly too much to require correctional officials to seek a criminal restitution order or a civil tort judgment before they may restrict an inmate' use of his commissary account until he makes good the damage he has caused . . .." *Id*. at 224. That is because "[s]uch a requirement would delay implementation of, and hence, impair the efficacy of prison disciplinary measures. It would significantly increase the cost of prison administration and unduly burden courts with litigation which is essentially administrative in nature." *Id*. Instead, inmate accounts can be debited or frozen pursuant to restitution orders issued by prison disciplinary boards as long as the "procedural safeguards" at the disciplinary hearing are constitutionally adequate per *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Id*. at 225.

---

[1] Wilson also filed a separate habeas corpus petition in which he argued there was no evidence to support a finding of battery, but the court denied the petition finding, "[T]he claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief." *See Wilson v. Warden*, 3:22-cv-709-DRL-MGG (N. D. Ind. Aug. 29, 2022) at ECF 5.

Those procedural safeguards require: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563-73. To satisfy due process, before an inmate is deprived of a protected interest, there must be "some evidence" in the record to support the deprivation. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Thus, when it has been determined an inmate challenging a restitution sanction "was afforded procedural due process consonant with the circumstances of his incarceration" pursuant to a disciplinary hearing related to that charge, he has not stated a valid Fourteenth Amendment claim. *Campbell*, 787 F.2d at 225; *but cf. Tonn v. Dittmann*, 607 Fed. Appx. 589 (7th Cir. 2015) (dismissal of inmate's due process claim was vacated because he "adequately alleged that the restitution order was not supported by *any* evidence") (emphasis added).

Here, Wilson doesn't dispute he received advance notice and had a disciplinary hearing on the battery charge that led to the restitution order. He had an opportunity to defend himself by giving a statement to the hearing officer and requesting that physical evidence (namely, a video recording) be reviewed. The fact-finder rendered a guilty decision via written statement and included the reasons for it. Wilson disputes the conclusion he committed battery and complains there was "no evidence" to serve as the basis for the restitution sanction. However, the video recording report states Wilson attempted to grab a cane from an offender, a struggle ensued, and the offender fell to

the floor. That offender was later seen "doubled over in pain." The conduct report further notes he pushed the offender who was sent to an "outside hospital for his injuries." Transporting an inmate to an outside hospital—an effort not plausibly untaken taken for minor injuries—undoubtedly incurs costs. Thus, there was some evidence in the record to support the restitution sanction. *See e.g. Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary."). Accordingly, Wilson does not have a plausible Fourteenth Amendment claim regarding the imposition of the restitution sanction because he was afforded adequate due process in connection with it. *See Campbell*, 787 F.2d at 224, n.12 ("It is obvious that a *Wolff*-hearing, as was conducted in Campbell's case, if sufficient for the revocation of good-time credits, must be so for the entry of the restitution and impoundment orders."); *Singh v. Gegare*, 651 Fed. Appx. 551, 555–56 (7th Cir. 2016) (inmate argued the restitution amount issued as part of a disciplinary sanction deprived him of due process, but the Seventh Circuit upheld the judgment noting, "His complaint isn't that he was deprived of process but that he disagrees with the outcome of his hearings. He does not deny that he had notice of the charges against him, that he received a hearing in each instance, and had an opportunity to defend himself. We conclude that there was no denial of due process.").

Wilson's complaint does not state any claims. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED on October 24, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT